| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

LISA M. JOHNSON,                    )
                                    )
              Plaintiff,            )
                                    )
v.                                  )
                                    )
PREMIER HEALTHCARE OF               )
FORT WAYNE,                         )
                                    )
              Defendant.            )

## COMPLAINT

Plaintiff, Lisa Johnson, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Lisa M. Johnson, a qualified employee of the Defendants who suffered from a serious medical condition constituting a disability/perceived disability/record of impairment for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

2. The Defendant is Premier Healthcare of Fort Wayne, a company doing business at 7519 Winchester Road, Fort Wayne, IN 46819. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the ADA and ADAAA.

3. Plaintiff filed a Charge of Discrimination on or about June 19, 2018, EEOC No. 470-2018-03177, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on November 15, 2018, a copy of which is attached hereto and made apart hereof as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional pre-requisites have been met for the filing of this lawsuit.

1

EXHIBIT
3

4. Plaintiff was employed by Defendant from June 12, 2016 until her wrongful termination on or about October 21, 2017. At all material times to this Complaint, Plaintiff suffered from a serious mental health condition that represented a disability/perceived disability/ record of impairment for purposes of the ADA, and for which she participated in a treatment program (substance abuse disorder or addiction). Notwithstanding the condition or her history of suffering from the condition, Plaintiff performed within the reasonable expectations of the employer at all material times to this Complaint.

5. During Plaintiff's employment by Defendant, she participated in treatment program for her condition, which was adopted and run by the Indiana State Nurses Assistance Program ("ISNAP"). This was a rehabilitation/monitoring program for licensed nurses affected by the use or abuse of alcohol or other drugs.

6. Complainant alleges that Respondent held her past substance abuse and her current participation in the ISNAP program against her, and perceived and regarded her as being disabled and then terminated her, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, as amended by the ADA Amendments Act of 2008.

7. Around October 1, 2017, Defendant falsely accused Plaintiff of making a medication counting error. Plaintiff was called into an office for an explanation and was accused of signing out medications that were not given to patients. However, the medications in question were not passed out at the time of the alleged miscount.

8. The Plaintiff spoke to the Defendant's Assistant Director of Nursing about updates on residents' status and how the ISNAP program was going. The ADON stated that Carmella Tuttle found out that Plaintiff was in ISNAP and became very upset stating "I can't believe she is in ISNAP, she's not even supposed to be working around narcotics. Why was I not

2

aware of this?" Upper management explained to her Ms. Tuttle that Plaintiff was doing ok and that there were no issues and no errors on the part of Plaintiff. Regardless, after that, the ADON's demeanor and attitude changed for the worse towards the Plaintiff.

9. On October 16, 2017, Plaintiff's superiors called her into an office and was informed her there was a "suspicion of possibility of [there being] missing medication and questionable charting". They also claimed a complaint had been made against the Plaintiff. Plaintiff addressed and answered all of the Defendant's Administrator's questions. Regardless, Plaintiff was placed on suspension pending investigation.

10. On October 21, 2017, after the investigation concluded, Plaintiff was told to come into work and pick up her paycheck and that she was terminated.

11. When the Administrator/Director of Nursing became aware of Complainant's past substance abuse and her participation in the ISNAP program, she became extremely upset and held it against Plaintiff, even though Plaintiff had been in this program since 2015 and Defendant's Corporate/Management was aware of it.

12. Plaintiff contends that the Defendant, through its DON, singled out Plaintiff for unjustified scrutiny and unjustified allegations regarding Plaintiff's handling of medications, charting and generally how Plaintiff did her work.

13. Plaintiff also contends that she was ostracized and discriminated against by Defendant due to Plaintiff's substance abuse disorder and past history of substance abuse (one of the symptoms of such a disorder), which motivated the DON to begin looking for any excuse to terminate the Plaintiff.

14. The proffered reason for termination was false and pretextual, and in reality, Defendant discriminated against, retaliated against and wrongfully terminated Plaintiff on the basis of

3

her disability/perceived disability/record of impairment, in violation of the Plaintiff's federally protected rights under the ADA and ADAAA.

15. Defendant's unlawful discriminatory and retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job related benefits including income, and in addition, the Plaintiff also suffered emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries.

16. The complained-of discriminatory and retaliatory actions of the Defendant (by and through the DON/Administrator) were intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and the ADAAA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, # 10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:      (260) 424-0600
Facsimile:      (260) 424-0712
Counsel for Plaintiff

4

02D02-1902-CT-000096

Filed: 2/8/2019 3:25 PM
Clerk
Allen County, Indiana
BB

Allen Superior Court 2

09:43;14 a.m. 05-20-2013    4

JUN/20/2018/WED 09:41 AM          FAX No.                    P. 004

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 470-2018-03177 |

Equal Employment Opportunity Commission                          and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Lisa M. Johnson | 260-602-1265 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 414 West Pontiac Street, Fort Wayne, IN 46807 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Premier Healthcare | 20+ | 260-747-7435 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7519 Winchester Road, Fort Wayne, IN 46819 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 10/1/2017    Latest 10/21/17
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant, Lisa M. Johnson, alleges that Respondent, Premier Healthcare, discriminated against her on account of her past substance abuse and her present participation in a substance abuse program adopted and ran by the Indiana State Nurses Assistance Program ("ISNAP"), which is a rehabilitation/monitoring program for licensed nurses affected by the use or abuse of alcohol or other drugs. Complainant alleges that Respondent held her past substance abuse and her current participation in the ISNAP program against her, and perceived and regarded her as being disabled and terminated her, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

II. Respondent Premier Healthcare is an "employer" for purposes of the ADA.

Continued on Page 2

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10-19-18    [signature]    Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 6-19-2018    LORI KAY KOLB Seal Notary Public - State of Indiana Allen County My Commission Expires Dec 20 2024 |

EXHIBIT A

470-2018-03177

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

III. Around October 1, 2017, Complainant was accused of making a med-counting error (Complainant was called into the office for an explanation and accused of signing out medications that were not given, but these medications were not even being passed out at the time, as those particular medications had already been completed). Complainant spoke to the Assistant Director of Nursing about updates on resident status and how the ISNAP was going. The ADON stated that Carmella Tuttle found out that Complainant was in ISNAP and became very upset stating "I can't believe she is in ISNAP; she's not even supposed to be working around narcotics; why was I not aware of this?" Upper management explained to her that Complainant was doing ok and that there were no issues and no errors. Regardless, after that, the ADON's demeanor and attitude changed for the worse towards the Complainant.

IV. On October 16, 2017, Complainant was called into the office and was accused of "suspicion of possibility missing medication and questionable charting" and a complaint had been made against her. Complainant explained and answered all questions that the Administrator had. Regardless, Complainant was placed on suspension pending investigation.

V. On October 21, 2017, after the investigation concluded, Complainant was told to come into work and pick up her paycheck, as she was terminated.

VI. When the Administrator/Director of Nursing became aware of Complainant's past substance abuse and her participation in the ISNAP program, she became extremely upset and held it against Complainant. The odd thing is that Complainant had been in this program since 2015 and Corporate/Management was aware of this. The DON picked on the Complainant with respect to medications, charting and how she did her work. Complainant was ostracized and felt discriminated against due to her past substance abuse history and the DON began looking for any reason to terminate Complainant. She made up a reason that was pretextual and fired Complainant for her past substance abuse and present participation in the ISNAP program. Complainant was retaliated against for participating in the ISNAP program.

VII. As a result of the discrimination, retaliation and termination, Complainant lost her job and job-related benefits including income. Complainant experienced emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries for which she seeks compensatory damages. The actions of the Respondent (by and through the DON/Administrator) were intentional and in reckless disregard of Complainant's rights under the ADA and the ADAAA, warranting an imposition of punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any, I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6.19.18          [signature]
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
6-19-2018

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)

02D02-1902-CT-000090
Allen Superior Court 2

Filed: 2/06/2019 3:25 PM
Clerk
Allen County, Indiana
BB

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lisa M. Johnson
414 W. Pontiac St.
Fort Wayne, IN 46807

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2018-03177 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

NOV 15 2018
(Date Mailed)

Enclosures(s)

cc: Kearney W. Kilens
LITCHFIELD CAVO LLP
303 W. Madison
Suite 300
Chicago, IL 60606

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun ST.
Suite 400
Fort Wayne, IN 46802

EXHIBIT
B